YUANGUO JIANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, United States Department of Justice,* Respondent.

No. 08–2656–ag.

United States Court of Appeals, Second Circuit.

Aug. 4, 2009.

David J. Rodkin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, John S. Hogan, Senior Litigation Counsel, Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yuanguo Jiang, a native and citizen of the People's Republic of China, seeks review of a May 20, 2008 order of the BIA dismissing an appeal from the August 14, 2006 decision of Immigration Judge ("IJ") Robert Weisel, which denied Jiang's application for asylum, withholding of removal, and CAT relief. *See In re Yuanguo Jiang,* No. A99 082 549 (B.I.A. May 20, 2008); *In re Yuanguo Jiang,* No. A99 082 549 (Immig. Ct. N.Y. City Aug. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA's brief opinion does not expressly adopt but otherwise closely tracks the IJ's reasoning, we may consider both decisions " 'for the sake of completeness.' " *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Muka-*

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Attorney General Michael B. Mukasey as the respondent in this case.

*sey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications, such as Jiang's, which are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, an IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go to the heart of an applicant's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir.2008).

Jiang asserts that the agency erred because it did not make its adverse credibility determination within the framework of a "mixed motive" analysis. That argument, however, is not only unexhausted, *see Pinto–Montoya v. Mukasey,* 540 F.3d 126, 131 n. 2 (2d Cir.2008), it is irrelevant. The agency based its denial on Jiang's failure to testify credibly, not on the motives behind the Chinese authorities' alleged persecutory actions.

To the extent Jiang argues that the agency's adverse credibility finding is not supported by substantial evidence, we are not persuaded. In finding Jiang not credible, the IJ relied on (1) Jiang's testimonial inconsistency concerning where he was arrested; (2) an inconsistency between Jiang's testimony and asylum application as to whether his church was banned rather than closely monitored; and (3) the implausibility of Jiang's contention that authorities sanctioned him—but not his parents—for distributing religious literature from the store that his parents owned. These record-based findings adequately support the IJ's credibility finding. *See Xiu Xia Lin v. Mukasey,* 534 F.3d at 167 (instructing deferral to adverse credibility determination unless totality of circum-

stances makes plain "that no reasonable fact-finder could make such [a] ruling"); *see also Xian Tuan Ye v. DHS,* 446 F.3d 289, 294–95 (2d Cir.2006) (deferring to adverse credibility determination predicated on inconsistencies between alien's testimony and application); *Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007) (deferring to implausibility finding tethered to record evidence).

Because Jiang's withholding-of-removal claim depended on the same factual predicates as his asylum claim, the agency's adverse credibility determination with respect to the latter necessarily foreclosed the former. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Jiang failed to address his CAT claim before the BIA and fails to do so before us, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED.